# IN THE
# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

No. 22-1080

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION,
a/k/a Cofina; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, AS REPRESENTATIVE FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE
FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA);
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors,

_____

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE
FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO
RICO PUBLIC BUILDINGS AUTHORITY,

Debtors - Appellees,

v.

FEDERACION DE MAESTROS DE PUERTO RICO, INC.; GRUPO MAGISTERIAL
EDUCADORES(AS) POR LA DEMOCRACIA, UNIDAD, CAMBIO, MILITANCIA Y
ORGANIZACION SINDICAL, INC.; UNION NACIONAL DE EDUCADORES Y
TRABAJADORES DE LA EDUCACION, INC.,

Objectors - Appellants,

PFZ PROPERTIES, INC.; OSCAR ADOLFO MANDRY APARICIO; MARIA DEL CARMEN
AMALIA MANDRY LLOMBART; SELMA VERONICA MANDRY LLOMBART; MARIA
DEL CARMEN LLOMBART BAS; OSCAR ADOLFO MANDRY BONILLA; GUSTAVO
ALEJANDRO MANDRY BONILLA; YVELISE HELENA FINGERHUT MANDRY;
MARGARET ANN FINGERHUT MANDRY; VICTOR ROBERT FINGERHUT MANDRY;
JUAN CARLOS ESTEVA FINGERHUT; PETRO MIGUEL ESTEVA FINGERHUT;
MARIANO JAVIER MCCONNIE FINGERHUT; JANICE MARIE MCCONNIE
FINGERHUT; VICTOR MICHAEL FINGERHUT COCHRAN; MICHELLE ELAINE

FINGERHUT COCHRAN; ROSA ESTELA MERCADO GUZMAN; EDUARDO JOSE MANDRY MERCADO; SALVADOR RAFAEL MANDRY MERCADO; MARGARITA ROSA MANDRY MERCADO; ADRIAN ROBERTO MANDRY MERCADO; VICENTE PEREZ ACEVEDO; CORPORACION MARCARIBE INVESTMENT; ANTONIO MARTIN CERVERA; MARIA TERESITA MARTIN; WANDA ORTIZ SANTIAGO; NANCY I. NEGRON-LOPEZ; DEMETRIO AMADOR INC.; DEMETRIO AMADOR ROBERTS; SUIZA DAIRY CORP.; MARUZ REAL ESTATE CORP.; GROUP WAGE CREDITORS; YASHEI ROSARIO; ANA A. NUNEZ VELAZQUEZ; EDGARDO MARQUEZ LIZARDI; MARIA M. ORTIZ MORALES; ARTHUR SAMODOVITZ; MIGUEL LUNA DE JESUS; ISMAEL L. PURCELL SOLER; ALYS COLLAZO BOUGEOIS; MILDRED BATISTA DE LEON; JAVIER ALEJANDRINO OSORIO; SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU); INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; MAPFRE PRAICO INSURANCE COMPANY; CERTAIN CREDITORS WHO FILED ACTIONS IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO; MED CENTRO, INC., f/k/a Consejo de Salud de la Comunidad de la Playa de Ponce, Inc.; ASOCIACION DE JUBILADOS DE LA JUDICATURA DE PUERTO RICO; HON. HECTOR URGELL CUEBAS; COOPERATIVA DE AHORRO Y CREDITO VEGABAJENA; LORTUTA LTD., INC.; LA CUARTEROLA, INC.; JUAZA, INC.; CONJUGAL PARTNERSHIP ZALDUONDO-MACHICOTE; FRANK E. TORRES RODRIGUEZ; EVA TORRES RODRIGUEZ; FINCA MATILDE, INC.; UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM TRUST; PETER C. HEIN; MIRIAM E. LIMA COLON; BETZAIDA FELICIANO CONCEPCION; ANGEL L. MENDEZ GONZALEZ; ASOCIACION DE MAESTROS PUERTO RICO; ASOCIACION DE MAESTROS DE PUERTO RICO-LOCAL SINDICAL; MORGAN STANLEY & CO. LLC; GOLDMAN SACHS & CO. LLC; J.P. MORGAN SECURITIES LLC; SANTANDER SECURITIES LLC; SIDLEY AUSTIN LLP; BMO CAPITAL MARKETS GKST, INC.; CITIGROUP GLOBAL MARKETS INC.; SAMUEL A. RAMIREZ & CO., INC.; MESIROW FINANCIAL, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH CAPITAL SERVICES, INC.; BARCLAYS CAPITAL INC.; RBC CAPITAL MARKETS, LLC; RAYMOND JAMES & ASSOCIATES, INC.; COMMUNITY HEALTH FOUNDATION OF P.R. INC.; QUEST DIAGNOSTICS OF PUERTO RICO, INC.; U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee for the PRPFC Outstanding Bonds and PRIFA Bonds, and Fiscal Agent for PRPBA Bonds; U.S. BANK NATIONAL ASSOCIATION, as Trustee for the PRPFC Outstanding Bonds and PRIFA Bonds, and Fiscal Agent for PRPBA Bonds; NILSA CANDELARIO; JORGE RAFAEL EDUARDO COLLAZO QUINONES; EL OJO DE AGUA DEVELOPMENT, INC.; PEDRO JOSE NAZARIO SERRANO; JOEL RIVERA MORALES; MARIA DE LOURDES GOMEZ PEREZ; HECTOR CRUZ VILLANUEVA; LOURDES RODRIGUEZ; LUIS M. JORDAN RIVERA; TACONIC CAPITAL ADVISORS LP; AURELIUS CAPITAL MANAGEMENT, LP; CANYON CAPITAL ADVISORS LLC; FIRST BALLANTYNE LLC; MOORE CAPITAL MANAGEMENT, LP; PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY; HON. PEDRO R. PIERLUISI URRUTIA; UNITED STATES, on behalf of the Internal Revenue Service; ASOCIACION PUERTORRIQUENA DE LA JUDICATURA, INC.; COOPERATIVA DE AHORRO Y CREDITO ABRAHAM ROSA; COOPERATIVA DE AHORRO Y CREDITO DE CIALES; COOPERATIVA DE AHORRO Y CREDITO DE JUANA DIAZ; COOPERATIVA DE AHORRO Y CREDITO DE RINCON; COOPERATIVA DE AHORRO Y CREDITO DE VEGA ALTA; COOPERATIVA DE AHORRO Y CREDITO DR. MANUEL ZENO GANDIA; MARIA A. CLEMENTE ROSA; JOSE N. TIRADO GARCIA, as President of the United Firefighters Union of Puerto Rico,

VAQUERIA TRES MONJITAS, INC.; BLACKROCK FINANCIAL MANAGEMENT, INC.;
EMSO ASSET MANAGEMENT LIMITED; MASON CAPITAL MANAGEMENT, LLC;
SILVER POINT CAPITAL, L.P.; VR ADVISORY SERVICES, LTD; AURELIUS CAPITAL
MANAGEMENT, LP, on behalf of its managed entities; GOLDENTREE ASSET
MANAGEMENT LP, on behalf of funds under management; WHITEBOX ADVISORS LLC,
on behalf of funds under management; MONARCH ALTERNATIVE CAPITAL LP, on behalf
of funds under management; TACONIC CAPITAL ADVISORS L.P., on behalf of funds under
management; ARISTEIA CAPITAL, LLC, on behalf of funds under management;
FARMSTEAD CAPITAL MANAGEMENT, LLC, on behalf of funds under management;
FOUNDATION CREDIT, on behalf of funds under management; CANYON CAPITAL
ADVISORS LLC, in its capacity as a member of the QTCB Noteholder Group; DAVIDSON
KEMPNER CAPITAL MANAGEMENT LP; SCULPTOR CAPITAL MANAGEMENT;
AMBAC ASSURANCE CORPORATION; ANDALUSIAN GLOBAL DESIGNATED
ACTIVITY COMPANY; CROWN MANAGED ACCOUNTS, for and on behalf of Crown/PW
SP; LMA SPC, for and on behalf of Map 98 Segregated Portfolio; MASON CAPITAL
MASTER FUND LP; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B);
OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX
(PARALLEL), L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.;
OAKTREE HUNTINGTON INVESTMENT FUND II, L.P.; OAKTREE OPPORTUNITIES
FUND X, L.P.; OAKTREE OPPORTUNITIES FUND X (PARALLEL), L.P.; OAKTREE
OPPORTUNITIES FUND X (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES
FUND HOLDINGS, L.P.; OCEANA MASTER FUND LTD.; OCHER ROSE, L.L.C.;
PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; PWCM MASTER FUND
LTD.; REDWOOD MASTER FUND, LTD.; BANK OF NEW YORK MELLON; OFFICIAL
COMMITTEE OF UNSECURED CREDITORS; ASSURED GUARANTY CORP.; ASSURED
GUARANTY MUNICIPAL CORP.; OFFICIAL COMMITTEE OF RETIRED EMPLOYEES;
NATIONAL PUBLIC FINANCE GUARANTEE CORP.; FINANCIAL GUARANTY
INSURANCE COMPANY; AMERINATIONAL COMMUNITY SERVICES, LLC, as servicer
for the GDB Debt Recovery Authority; CANTOR-KATZ COLLATERAL MONITOR LLC, as
Collateral Monitor for GDB Debt Recovery Authority; ATLANTIC MEDICAL CENTER, INC.;
CAMUY HEALTH SERVICES, INC.; CENTRO DE SALUD FAMILIAR DR. JULIO
PALMIERI FERRI, INC.; CIALES PRIMARY HEALTH CARE SERVICES, INC.; CORP. DE
SERV. MEDICOS PRIMARIOS Y PREVENCION DE HATILLO, INC.; COSTA SALUD,
INC.; CENTRO DE SALUD DE LARES, INC.; CENTRO DE SERVICIOS PRIMARIOS DE
SALUD DE PATILLAS, INC.; HOSPITAL GENERAL CASTANER, INC.; GNMA & US
GOVERNMENT TARGET MATURITY FUND FOR PUERTO RICO RESIDENTS, INC., /k/a
Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.; MORTGAGEBACKED &
US GOVERNMENT SECURITIES FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a
Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.; PUERTO RICO
RESIDENTS BOND FUND I, f/k/a Puerto Rico Investors Bond Fund I; PUERTO RICO
RESIDENTS TAX-FREE FUND, INC., f/k/a Puerto Rico Investors Tax-Free Fund, Inc.;
PUERTO RICO RESIDENTS TAX-FREE FUND II, INC., f/k/a Puerto Rico Investors TaxFree
Fund II, Inc.; PUERTO RICO RESIDENTS TAX-FREE FUND III, INC., f/k/a Puerto Rico
Investors Tax-Free Fund III, Inc.; PUERTO RICO RESIDENTS TAX-FREE FUND IV, INC.,
f/k/a Puerto Rico Investors Tax-Free Fund IV, Inc.; PUERTO RICO RESIDENTS TAXFREE
FUND V, INC., f/k/a Puerto Rico Investors Tax-Free Fund V, Inc.; PUERTO RICO

RESIDENTS TAX-FREE FUND VI, INC., f/k/a Puerto Rico Investors Tax-Free Fund VI, Inc.; TAX-FREE INCOME FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund, Inc.; TAX-FREE FIXED INCOME FUND II FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund II, Inc.; TAX-FREE FIXED INCOME FUND III FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund III, Inc.; TAX-FREE FIXED INCOME FUND IV FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund IV, Inc.; TAX-FREE FIXED INCOME FUND V FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund V, Inc.; TAXFREE FIXED INCOME FUND VI FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico Fixed Income Fund VI, Inc.; TAX FREE FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Tax-Free Puerto Rico Fund, Inc.; TAX FREE FUND II FOR PUERTO RICO RESIDENTS, INC., f/k/a Tax-Free Puerto Rico Fund II, Inc.; TAX-FREE HIGH GRADE PORTFOLIO BOND FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico AAA Portfolio Bond Fund, Inc.; TAX-FREE HIGH GRADE PORTFOLIO BOND FUND II FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico AAA Portfolio Bond Fund II, Inc.; TAX-FREE HIGH GRADE PORTFOLIO TARGET MATURITY FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Puerto Rico AAA Portfolio Target Maturity Fund, Inc.; TAX FREE TARGET MATURITY FUND FOR PUERTO RICO RESIDENTS, INC., f/k/a Tax-Free Puerto Rico Target Maturity Fund, Inc.; UBS IRA SELECT GROWTH & INCOME PUERTO RICO FUND,

Creditors - Appellees.

On Appeal from the United States District Court
For The District of Puerto Rico (Case No. 17-3283-LTS)

**MOTION TO FOR EXPEDITED CONSIDERATION AND FOR BRIEFING SCHEDULE**

Jessica E. Méndez Colberg (1st Cir. # 1185272)
*Counsel of Record*
Rolando Emmanuelli Jiménez (1st Cir. #7707)
Bufete Emmanuelli, C.S.P.
P.O. Box 10779, Ponce, PR 00732
787-848-0666
jessica@ emmanuelli.law
rolando@emmanuelli.law
        Counsel for Objectors - Appellants

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, counsel for Appellants state as follows:

Appellants, Federación de Maestros de Puerto Rico, Inc.; Grupo Magisterial Educadores(as) por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., and Unión Nacional de Educadores y Trabajadores de la Educación, Inc., (collectively as the "Teachers' Associations"), are labor unions created as closed corporations under the laws of the Commonwealth of Puerto Rico. Their stocks are not traded, and they are not a "nongovernmental corporate party" for purposes of Rule 26.1. Rule 26.1. Therefore, for purposes of Rule 26.1, there are no disclosures requirement with respect to them.

/s/ Jessica E. Méndez-Colberg
Jessica E. Méndez-Colberg
*Counsel for the Teachers' Associations*

## MOTION FOR EXPEDITED CONSIDERATION AND BRIEFING SCHEDULE

**TO THE HONORABLE COURT OF APPEALS:**

**COME NOW,** Appellants, Federación de Maestros de Puerto Rico, Inc.; Grupo Magisterial Educadores(as) por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., and Unión Nacional de Educadores y Trabajadores de la Educación, Inc., (collectively as the "Teachers' Associations"), and hereby move for expedited consideration of this appeal and to establish a briefing schedule.

## INTRODUCTION

1. On January 18, 2022, the District Court for the District of Puerto Rico signed an order confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority.* In the Order the District Court misconstrued the preemption doctrine resulting in allowing the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") to revoke laws and enact new ones though the plan of adjustment confirmed in the Title III proceedings. The Commonwealth of Puerto Rico's Plan of Adjustment, as confirmed by the District Court on January 18, 2022, displaces statutory provisions, and amends others, of the Teachers' Retirement System ("TRS") legislation, among other laws, including sections of Puerto Rico's own Constitution. Throughout the years

since PROMESA's enactment it has been clearly and consistently declared that the Oversight Board cannot legislate.[1] For that reason, PROMESA mandates that the Oversight Board confer and negotiate with the Legislative Assembly to carry out its plans. Now, on the brink of the Oversight Board's sixth year of existence, it hopes that this Court will overlook that undeniable fact and look the other way as it attempts to create a new retirement system out of thin air, with no enabling legislation and only a wish list of specific provisions to speak of. To allow this course of action would result in the very abusive dictatorial worst-case scenarios that many have cautioned could be perpetrated under the interpretative rule of the *Insular Case*s and the enactment of PROMESA, a return to the colonial rule of the organic acts,[2] where self-governance was inexistant rather than ineffectual. Moreover, the District Court erred in confirming the Plan of Adjustment because, without farcical preemption, the Plan is not confirmable. It does not meet the requirements under PROMESA for confirmation as it lacks enabling legislation and feasibility. It also forces the Commonwealth to act in violation of its own laws. Specifically, regarding Act 53-2021, the District Court adopts an

---

[1] *See, for example*, *Rosselló Nevares v. Fin. Oversight & Mgmt. (In re Fin. Oversight & Mgmt. Bd.)*,330 F. Supp. 3d 685, 701 (D.P.R. 2018)("[T]he Oversight Board has not been given power to affirmatively legislate. Thus, with respect to policy measures that would require the adoption of new legislation or the repeal or modification of existing Commonwealth law, the Oversight Board has only budgetary tools and negotiations to use to elicit any necessary buy-in from the elected officials and legislators."); *In re Fin. Oversight & Mgmt. Bd.*, 390 F. Supp. 3d 311, 321 (D.P.R. 2019)("This Court has previously recognized that PROMESA neither abrogated the Commonwealth government's power to legislate nor vested the Oversight Board with such legislative authority.").

[2] *I.e.* Organic Act of 1900, Pub. L. 56–191, 31 Stat. 77 ("Foraker Act"); Merchant Marine Act of 1920, Pub. L. 66-261, 41 Stat. 988 ("Jones Act").

interpretation that is contrary to the plain language of the text, the stated intent of the legislators and the representations made by the Commonwealth's Government as a whole. By virtue of that interpretation, the District Court forces the Commonwealth to violate Act 53-2021, which by its own terms should cease to exist as a result of the pension cuts incorporated in the confirmed Plan of Adjustment.

2. The District Court's decision is unprecedented, and it radically alters the preemption doctrine, particularly in bankruptcy proceedings. By so doing, it threatens the ongoing management of bankruptcy proceedings, enabling an unelected board without express power to legislate to displace and replace local legislation through a plan of adjustment. Moreover, this appeal represents the only remedy in law for the Teachers' Associations in protecting their pension rights. Thus, the expedite consideration of this Appeal is a key factor. The risk of equitable mootness caused by the distribution of payments and the impossibility of achieving meaningful review on a consummated plan, deems urgent that this Appeal is considered on an expedite schedule.[3] For these reasons, expedited review by this Court is necessary to ensure that the rights of the Teachers'

---

[33] The Teachers' Associations filed a *Motion for Stay Pending Appeal Regarding: Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employee Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [Docket No. 19813],* and the issue is submitted before the District Court's consideration as of the date the instant motion is being filed. *See* Docket No. 19969.

Associations do not suffer immediate and irredeemable harm.

## BACKGROUND

3. On January 14, 2022, the Oversight Board, as the Title III representative of the Commonwealth of Puerto Rico ("Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA") (collectively "Debtors") filed a *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al* (hereafter the "Plan").[4] The Plan provides for an expected Effective Date to occur on or about March 15, 2022.

4. Shortly after, on January 18, 2022, the District Court issued an *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* ("Confirmation Order")[5] and its *Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* ("Findings of Fact

---

[4] Docket No. 19784 in Case No. 17-3283. Every reference of docket number will be regarding Case No. 17-3283-LTS unless otherwise stated.
[5] Docket No. 19813.

and Conclusions of Law").[6] The District Court determined that the Plan met PROMESA's[7] requirements and, therefore, was confirmed.

5. Consequently, on January 28, 2022, the Teachers' Associations filed a *Notice of Appeal*.[8] On the same date, Cooperativa de Ahorro y Crédito Abraham Rosa, Cooperativa de Ahorro y Crédito de Ciales, Cooperativa de Ahorro y Crédito de Juana Díaz, Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Ahorro y Crédito de Vega Alta, and Cooperativa de Ahorro Crédito Dr. Manuel Zeno Gandía (collectively "Credit Unions"), filed their own notice of appeal.[9]

6. In light of this Court's decrees in *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 987 F.3d 173 (1st Cir. 2021) and *Cooperativa de Ahorro y Credito v. Fin. Oversight & Mgmt. Bd. (In re Fin. Oversight & Mgmt. Bd.)*, 989 F.3d 123 (1st Cir. 2021), on February 1st, 2022, the Teachers' Associations filed their *Motion for Stay Pending Appeal Regarding: Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employee Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [Docket No. 19813]* ("Motion for Stay").[10]

---

[6] Docket No. 19812.
[7] Puerto Rico Oversight, Management and Economic Stability Act, 48 U.S.C. § 2101, *et seq.*
[8] Docket No. 19941.
[9] Docket No. 19938.
[10] Docket No. 19969.

7. On February 2nd, 2022, the District Court issued an *Order Scheduling Briefing of 19972 on Joint Urgent Motion to Propose Order on Briefing Schedule Concerning Teachers' Associations' Motion for Stay Pending Appeal Regarding: Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employee Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* ("Briefing Order")[11] setting the deadline for objections and replies upon which the Court thereafter would take the Motion for Stay Pending Appeal on submission.

8. On February 3rd, 2022, Suiza Dairy Corp. ("Suiza") filed a *Notice of Appeal*.[12] Likewise, on February 4th, 2022, the Credit Unions filed their motion for stay pending appeal.[13]

9. On February 9, 2022, Salud Integral de la Montaña, Inc. ("SIM"), Finca Matilde, Inc. ("Finca Matilde"), the Ad Hoc Group of Constitutional Debtholders, the Lawful Constitutional Debt Coalition, the QTCB Noteholder Group, the Ad Hoc Group of General Obligation Bondholders, Assured Guaranty Corp. and Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation,

---

[11] Docket No. 19978.
[12] Docket No. 20016.
[13] Docket No. 20035. In view of these filings, the District Court ordered a separate briefing schedule, where the responses would be due on February 11, 2022, by 5:00pm, and the replies must be filed within six days after the date the Oversight Board files its response by 5:00pm. *See* Docket Nos. 20037-20038.

Financial Guaranty Insurance Company, and Ambac Assurance Corporation (collectively "PSA Creditors") and the Oversight Board, filed their respective oppositions to the Teachers' Associations' Motion for Stay Pending Appeal.[14]

10. On February 15, 2022, Appellants filed the *Teachers' Associations' Omnibus Reply to Objections to Motion for Stay Pending Appeal [Docket No. 19969].*[15] With such submission, this matter is now under consideration of the District Court.

## ARGUMENT

11. This Court should expedite this Appeal because PROMESA requires expedited consideration of any matter brought under such Act, the questions at issue are extraordinarily important, and failure to expedite would cause substantial harm to the parties.

## I. Congress Has Required That This Appeal Be "Expedite[d] To The Greatest Possible Extent."

12. To ensure the prompt resolution of legal disputes arising under PROMESA, Congress has imposed an affirmative duty on both district courts and appellate

---

[14] Docket Nos. 20077, 20079, 20081 and 20085, respectively. Also, AmeriNational Community Services, LLC ("AmeriNat") as servicer for the GDB Debt Recovery Authority (the "DRA") filed *Amerinat's Joinder and Reservation of Rights in Support of the Corrected Opposition of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Motion Dated February 1, 2022, for Stay Pending Appeal [Dkt No. 20085]*, Docket No. 20087. On February 10, 2022, the Official Committee of Unsecured Creditors ("UCC") filed a *Limited Joinder of Official Committee of Unsecured Creditors in Support of the Corrected Opposition of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Motion Dated February 1, 2022, for Stay Pending Appeal*, Docket No. 20088.
[15] Docket No. 20145.

courts "to advance on the docket and **to expedite to the greatest possible extent the disposition of any matter brought under [PROMESA]**."[16] That is coherent with Part VII.B of this Court's Internal Operating Procedures, that states that "[e]xpedited scheduling is provided **automatically** in those cases where it is **required by statute**." (emphasis added). In compliance with PROMESA's provisions, the Court should expedite the briefings and arguments in this case.

## II. Failure To Expedite This Appeal Would Prejudice The Parties.

13. The Commonwealth of Puerto Rico's Title III proceeding "represents the largest proceeding to restructure debt in the history of the American municipal bond market."[17] The confirmed Plan expects the Effective Date to be on or about March 15, 2022.

14. Both the District Court and the Oversight Board have stated that in absence of "preemption" of the Retirement Laws, which is the determination the Teachers' Association wish to overturn, the Plan is not feasible. Therefore, the relief requested by the Teachers' Associations would undoubtedly unravel the Plan if it were consummated while the appeal is pending. This denotes the extreme likelihood of equitable mootness and the need for an expedite appeal because of

---

[16] 48 U.S.C. § 2126(d) (emphasis added). Recognizing this duty, this Court has granted multiple motions to expedite appeals stemming from the Title III proceeding below. *See*, e.g., Order of Court, *In re FOMB*, No. 17-1831, Doc. No. 117191731 (Aug. 21, 2017); Order of Court, *Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla*, No. 16-2437, Doc. No. 117091254 (Dec. 12, 2016); Order of Court, *Peaje Invs. LLC v. García-Padilla*, No. 16-2377, Doc. No. 117083116 (Nov. 22, 2016).
[17] *In re FOMB*, 872 F.3d at 64.

the complexities of this reorganization.[18] Were that to occur, the Teachers' Associations would literally be left with no remedy. Thus, their damages are irreparable.

15. Moreover, the Objecting Parties to the Motion to Stay[19] before the District Court, have also stated in length the monetary damages they could suffer due to the delay on the Effective Date of the Plan.[20]

16. The uncertainty of the result of the instant Appeal and due to the complexity of these proceedings, an expedite consideration is warranted in order to avoid unintended consequences that would complicate the desired goal of the Commonwealth exiting the Title III with a feasible and legally confirmed Plan.

17. Furthermore, the District Court's Confirmation Order expressly prohibits action from the Commonwealth's Government that may directly or indirectly affect the Plan. The Plan itself includes a provision to bind the Government of the Commonwealth for ten years before it can make changes to the pension system,

---

[18] As stated, the Teachers' Associations have requested the District Court to stay the confirmation order pending this Appeal. Nevertheless, the Teachers' Associations do not discard requesting this Court to stay the proceedings should the District Court deny the request. Indeed, this Court has already cautioned the need for a stay pending appeal of a confirmed plan of adjustment due to the risk of equitable mootness caused by the distribution of payments and the impossibility of achieving meaningful review on a consummated plan. *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 987 F.3d 173 (1st Cir. 2021); *Cooperativa de Ahorro y Credito v. Fin. Oversight & Mgmt. Bd. (In re Fin. Oversight & Mgmt. Bd.)*, 989 F.3d 123 (1st Cir. 2021).

[19] SIM, Finca Matilde, PSA Creditors and the Oversight Board.

[20] The Teachers' Association do not contend that the harm the Objecting Parties allege are sufficient to tip the balance of equities in their favor when denial of the stay would cause irreparable harm to the Teachers' Associations and their rights. Also, with the *Teachers' Associations' Omnibus Reply to Objections to Motion for Stay Pending Appeal [Docket No. 19969]*, the Teachers' Associations submitted a Declaration from expert Dr. José I. Alameda-Lozada who refutes and challenges the reliability of the Oversight Board's and the PSA Creditors' experts with regards to the alleged harms that a stay of the proceedings would cause to such parties. *See* Exhibit 3, Declaration of Dr. José I. Alameda-Lozada, Docket No. 20145-3.

unless, after the Oversight Board is terminated, it makes the corresponding request to the Title III Court and meets a host of requirements. In this way, it is clear that there is no further course of action for the Teachers' Associations but to appeal and for such process to be considered in an expedite manner.

18. Here, the preemption doctrine is being used as a means to an end, rather than a doctrine with requirements and political and democratic consequences beyond the elimination of pension debt.

19. The impending implementation of the Plan has already begun to provoke an exodus of teachers from the public school system, whom the Teachers' Associations have the honor to represent. Additionally, going forward with the Plan implies the immediate and permanent displacement of the Retirement Laws which would bring chaos and disarray to public employee pensions.[21]

20. Moreover, if the pension freeze goes into effect on March 15, 2022, in a month, over a thousand teachers who have already applied would be excluded from opting to purchase the remaining months of their service and advance their retirement.[22] Additionally, the change in the nature of the retirement system cuts these teachers' monthly pensions in some cases hundreds and in other thousands

---

[21] *See Opposition to Response of the Financial Oversight and Management Board in Accordance with Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al, ECF No. 19567 (corrected at ECF No. 19574)* [Docket No. 19606 at 16-22](explaining the affected provisions).
[22] *See* Motion for Stay, Exhibit 7: *Declaration of Nancy Meléndez Soberal* ¶ 6, Docket No. 19969-7; Motion for Stay, Exhibit 8: *Declaration of Mildred Fraticelli Torres* ¶ 4, Docket No. 19969-8.

of dollars, reducing their retirement income to poverty levels.[23] To avoid this, an exorbitant number of teachers will opt to resign as public school teachers halfway through the semester, leaving the Department of Education with a mass exodus, tons of vacancies and no resources to teach their students, who have already suffered through many interruptions to their education.[24] On that note, these pension reforms will destabilize Puerto Rico's education system. The news of the Plan's confirmation already threatens to cause a stampede of thousands of teachers retiring earlier than planned or resign immediately and search for better opportunities outside the territorial limits of the Commonwealth, leaving the Department of Education without experienced teachers and completely unprepared to offer classes, in these already troubled times for our students.[25]

21. The freeze on teachers' pensions through the Plan establishes the concept of defined contributions, instead of the actual defined benefits, and increases the retirement age to 63 years, having the effect of applying a cut between 35% to 40% to future teachers' pensions.[26] Simply put, the Plan will reduce teachers to

---

[23] *See, for example,* Motion for Stay, Exhibit 4: *Declaration of Jocelyn Villanueva Rodríguez* ¶¶ 3-5 (monthly pension will be reduced from $1,456.25 to $355.26), Docket No. 19969-4; Motion for Stay, Exhibit 5: *Declaration of Noelanie Fuentes Cardona* ¶¶ 2-4(monthly pension will be reduced from $1,437 to $455.55), Docket No. 19969-5. Although all the declarations contain similar reductions, these individuals best represent the gravity of the situation.

[24] *See* Exhibit 2, *Declaration of Eva Ayala Reyes,* Docket No. 20145-2. *See also,* Motion for Stay, Exhibit 4: *Declaration of Jocelyn Villanueva Rodríguez* ¶ 9, Docket No. 19969-4; Exhibit 4: *Declaration of Jocelyn Villanueva Rodríguez* ¶ 7, Docket No. 19969-4.

[25] *See* Exhibit 2, *Declaration of Eva L. Ayala Reyes* ¶ 21, Docket No. 20145-2. *See also,* Motion for Stay, Exhibit 1: *Declaration of Mercedes Martinez Padilla* ¶¶ 7-8, Docket No. 19969-1; Exhibit 2: *Declaration of Migdalia Santiago Negrón* ¶¶ 7-8, Docket No. 19969-2; Exhibit 3: *Declaration of Liza Fournier Córdova* ¶¶ 7-8, Docket No. 19969-3.

[26] *See* Motion for Stay, Exhibit 6: *Declaration of Miguel Rivera Gonzalez* ¶ 6, Docket No. 19969-6.

poverty and unable to provide for themselves and their families, should they choose to remain committed to Puerto Rico's public school system. This scenario will be unchanged for at least a decade, given the constraints the Plan places on the Commonwealth's government.

22. The particularities of this case make it impossible for the injured parties to turn to other remedial mechanisms. The political process will be closed to them, as well as any contractual or judicial remedy. [27] Moreover, this case would set precedent for future Title III cases and deprive further parties of their right to appeal where a confirmation order has been entered.

23. Irrespective of the District Court's determination as to the Motion for Stay pending appeal, this Court can and should expedite this case to mitigate any harm. The longer these proceedings carry on the more likely is that the Plan will be consummated and the more difficult it may become to grant appropriate relief to the Teachers' Associations.

24. The District Court is undoubtedly aware of the massive impact of the confirmed plan of adjustment on the people of Puerto Rico. The Court itself attests to the panic caused by the Plan in its Findings of Fact and Conclusions of Law:

> In addition to formal filings by parties, the Court has received thousands of letters and email communications from citizens and others who live in Puerto Rico and are concerned about Puerto Rico's future and their own. Within the past few months in particular, government workers and retirees

---

[27] *See* Cassandra Burke Robertson, *The Right to Appeal*, 91 N.C. L. REV. 1219, 1241-45 (2013).

have written with passion and sadness about their anxieties concerning their ability to support their families and live in a dignified way in retirement. [Docket No. 19812 at 18].

25. The Teachers' Associations are suffering ongoing irreparable harm due to the Plan submitted by the Oversight Board and confirmed by the District Court. The expedite consideration of the instant appeal will ensure the right to appeal of the Appellants, as well as minimize any possible harm to the Appellees. Yet, it is of crucial importance to consider that while pecuniary injury is usually not considered irreparable, due to the possibility of reparation through money damages, it is indubitable that "[i]rreparable harm most often exists where a party has no adequate remedy at law." *Charlesbank Equity Fund II, Ltd. P'ship v. Blinds to Go, Inc.,* 370 F.3d 151, 162 (1st Cir. 2004)(emphasis added). *See, also, In re Betteroads Asphalt, LLC,* 610 B.R. 28, 48 (Bankr. D.P.R. 2019). Postponing the briefing and argument of this case prolongs and worsens that irreparable harm, since the Teachers' Associations face the risk of possible mootness due to the consummation of the Plan of Adjustment.

## RELIEF REQUESTED

26. The Teachers' Associations are prepared to submit their opening brief within 7 days from the filing of the instant motion. Thus, the Teachers' Associations expect to file the Opening Brief on or before Tuesday, March 1st, 2022, pursuant to the 7-day term.

27. On February 22nd, 2022, counsel to all parties in these proceedings on appeal conferred to discuss their position on the request to expedite consideration of the instant appeal. While none of the Appellees oppose the request for expedite consideration, they do oppose the expedited briefing schedule proposed by the Teachers' Associations.

28. The Teachers' Associations proposed a 7-day term for all the parties to submit their respective filings. That is, 7 days for responses after the filing of the opening brief and 7 days for replies after the filing of the responses. Since the Teachers' Associations are prepared to file on or before March 1st, 2022, the proposed expedited schedule would render all filings submitted to the Court by March 15, 2022, which is the Plan's expected Effective Date.

29. However, after conferring amongst themselves, Appellees proposed a 30-day term to file their response. But, a 30-day term for responses is unacceptable under the circumstances of the instant appeal and the need for an expedite consideration. The Teachers' Associations oppose a 30-day term to file responses since this is the term already provided by the Federal Rules of Appellate Procedure in ordinary proceedings. *See* Fed. R. App. P. 31. Also, a 30-day term to file responses would be unfair for the Teachers' Association since they would

still need a shorter (expedite) term to file the reply brief, while the Appellees would benefit from a longer term as provided for ordinary proceedings.[28]

30. Moreover, the Teachers' Associations propose, to the extent possible for this Court, an expedited schedule for oral argument. As such, Appellants suggest that oral argument be schedule on or about 10 days after all the parties briefs are submitted.

31. The Teachers' Associations further request that this Court expedite the consideration of the instant motion and order the Appellees to file their responses, if any, in an expedite schedule.[29]

## CONCLUSION

For the foregoing reasons, Appellants, the Teachers' Associations, respectfully move for the Court to grant this motion to expedite briefing and oral argument in this appeal, adopting the briefing and oral argument schedule suggested herein.

Dated: February 22, 2022.

---

[28] The Teachers' Associations reserve the right to file a reply to the Appellees' response to the instant motion if they deem their proposal unacceptable and/or unfair.

[29] Rule 27 of the Federal Rules of Appellate Procedure states a 10-day term to file a response to a motion. *See* Fed. R. App. P. 27:

> (3) Response.
> (A) Time to file. Any party may file a response to a motion; Rule 27(a)(2) governs its contents. The response must be filed within 10 days after service of the motion **unless the court shortens** or extends **the time**. A motion authorized by Rules 8, 9, 18, or 41 may be granted before the 10-day period runs only if the court gives reasonable notice to the parties that it intends to act sooner. (emphasis added).

Respectfully submitted,



Bufete Emmanuelli, C.S.P.
P.O. Box 10779
Ponce, Puerto Rico 00732
Tel.: 787-848-0666
Fax: 787-841-1435

*/s/ Jessica Esther Méndez Colberg*
Jessica Esther Méndez-Colberg
1st Cir. #1185272
E-mail: jessica@emmanuelli.law

*/s/Rolando Emmanuelli Jiménez*
Rolando Emmanuelli-Jiménez
1st Cir. #7707
E-mail: rolando@emmanuelli.law

*Counsel for the Teachers' Associations*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 2,897 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and accompanying documents authorized by Fed. R. App. P. 27(a)(2)(B).

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced 14-point Times New Roman typeface using Microsoft Word.

Dated: February 22, 2022.

*/s/ Jessica Esther Méndez Colberg*
Jessica Esther Méndez Colberg

*Counsel for the Teachers' Associations*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February 2022, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the Court's appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system. Also, I hereby certified that four (4) copies of the instant motion as filed were mailed to the Court of Appeals for the First Circuit pursuant to Fed. R. App. P. 27(d)(3).

Dated: February 22, 2022.

*/s/ Jessica Esther Méndez Colberg*
Jessica Esther Méndez Colberg

*Counsel for the Teachers' Associations*